THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-CV-80981

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

v.

WELLINGTON EQUESTRIAN CLUB MASTER ASSOCIATION, INC.,

      Defendant.

---

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendant Wellington Equestrian Club Master Association, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1.     Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2.     Defendant is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 401 Maplewood Drive, #23, Jupiter, FL 33458. Defendant's agent for service of process is: Ryan S. Copple, Esq., 4455 Military Trial, Suite 200, Jupiter, FL 33458.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."  Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'"  McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.      Plaintiff's Business and History

6.      Plaintiff was created as a Florida corporation in June 2005.  Plaintiff's sole shareholder is Robert Stevens.

7.      For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

8.      Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

9.      Mr. Stevens travels throughout the State of Florida, nationally, and internationally

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

to photograph high-end real estate on behalf of Plaintiff's clients.  He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

10.    Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11.    Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

12.    Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "Photography by Robert Stevens" to the bottom left or right corner thereof.  Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

## II.    The Work at Issue in this Lawsuit

### A.    The First Photograph

13.    In 2016, Plaintiff created a professional aerial photograph of the clubhouse/tennis courts at the Wellington Equestrian Club titled "Wellington Equestrian Club AAP 2016" (the

"First Photograph").

14.     Consistent with Plaintiff's general practices, the First Photograph contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2016 all rights reserved."  A copy of the First Photograph is exhibited below:



15.     The First Photograph was registered by Plaintiff with the Register of Copyrights on June 24, 2016 and was assigned Registration No. VA 2-031-896. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

16.     Plaintiff is the owner of the First Photograph and has remained the owner at all times material hereto.

**B.      *The Second Photograph***

17.     In 2016, Plaintiff created a professional aerial photograph of the tennis courts at the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Wellington Equestrian Club titled "Wellington Equestrian Club AAP 2016 a" (the "<u>Second Photograph</u>") (together with the First Photograph, the "<u>Work</u>").

18.    Consistent with Plaintiff's general practices, the Second Photograph contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2016 all rights reserved."  A copy of the Second Photograph is exhibited below:



19.    The Second Photograph was registered by Plaintiff with the Register of Copyrights on June 24, 2016 and was assigned Registration No. VA 2-031-896 (see Exhibit A).

20.    Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

**III.    Defendant's Unlawful Activities**

21.    The Equestrian Club is a guard gated luxury estate home community located in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Wellington, FL that consists of approximately 118 estate homes.

22.    Defendant is the master homeowners' association for the Equestrian Club. Defendant advertises/markets its business primarily through its website (https://www.equestrianclubmaster.com/home.asp) and other forms of advertising.

23.    On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the First Photograph on its website (at https://www.equestrianclubmaster.com/amenities_main.asp) in connection with the marketing/promotion of the Equestrian Club:



24.    On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the Second Photograph on its website (at https://www.equestrianclubmaster.com/amenities_main.asp) in connection with the marketing/promotion of the Equestrian Club:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



25.     In publishing the Work online, Defendant left Plaintiff's copyright management information intact, unequivocally showing the photographs on Defendant's website to be the same as the Work.  A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

26.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendant on notice that the Work was not intended for public

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

use.

27.     Defendant utilized the Work for commercial use – namely, in connection with the marketing and advertising of the Equestrian Club.

28.     Upon information and belief, Defendant located a copy of the Work on the internet (with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

29.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in April 2022.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

30.     All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT

31.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

32.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

33.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

34.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its own website.

35.     Defendant reproduced, distributed, and publicly displayed the Work without

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

authorization from Plaintiff.

36.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

37.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  As stated above, Defendant copied/published the Work with Plaintiff's copyright management information intact, yet Defendant made no effort to contact Plaintiff to inquire about licensing the Work or whether its display thereof was permissible.

38.    Further, Defendant's website appears to be maintained by Campbell Property Management, a sophisticated community association property management company responsible for 350+ associations and 75,000+ homeowners.  Campbell Property Management itself utilizes a copyright disclaimer on its website ("© 2022 Campbell Property Management"), indicating that it understands the importance of copyright protection and intellectual property.

39.    Defendant clearly understands that high-end photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet.

40.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

41.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

42.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

43.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

44.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff demands a trial by jury on all issued so triable.

Dated: July 5, 2022.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
        Daniel DeSouza, Esq.
        Florida Bar No.:  19291
        James D'Loughy, Esq.
        Florida Bar No.: 0052700
        Lauren M. Hausman, Esq.
        Florida Bar No.: 1035947

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228